1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9               FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   CARINA CONERLY, et al.,                    No.  2:21-cv-1618 WBS DB PS
12                  Plaintiffs,
13          v.                                  FINDINGS AND RECOMMENDATIONS
14   YEE YANG, et al.
15                  Defendants.
16

17          Plaintiffs Carina Conerly and M.T. are proceeding in this action pro se.  This matter was

18   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19   Pending before the court are plaintiffs' amended complaint, ex parte application for an emergency

20   order, and plaintiff Carina Conerly's application to proceed in forma pauperis.  (ECF Nos. 2, 4-5.)

21   The amended complaint concerns allegations related to a child custody dispute involving

22   plaintiffs and defendant Sharif Roldan Tarpin.

23          The court is required to screen complaints brought by parties proceeding in forma

24   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

25   2000) (en banc).  Here, plaintiffs' amended complaint is deficient.  Accordingly, for the reasons

26   stated below, the undersigned will recommend that plaintiffs' amended complaint be dismissed

27   without further leave to amend.

28   ////

1

1  **I.      Plaintiff Carina Conerly's Application to Proceed In Forma Pauperis**

2           Plaintiff Carina Conerly's in forma pauperis application makes the financial showing

3  required by 28 U.S.C. § 1915(a)(1).  However, plaintiff M.T. has not submitted an application to

4  proceed in forma pauperis.  Filing fees must be paid unless each plaintiff applies for and is

5  granted leave to proceed in forma pauperis.

6           Moreover, "'[a] district court may deny leave to proceed in forma pauperis at the outset if

7  it appears from the face of the proposed complaint that the action is frivolous or without merit.'"

8  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank

9  & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support

10 Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by

11 denying McGee's request to proceed IFP because it appears from the face of the amended

12 complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114,

13 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to

14 proceed in forma pauperis to determine whether the proposed proceeding has merit and if it

15 appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to

16 proceed in forma pauperis.").

17          The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

18 found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

19 claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See

20 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or

21 in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

22 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous

23 where it is based on an indisputably meritless legal theory or where the factual contentions are

24 clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

25          To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

26 state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

27 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

28 true the material allegations in the complaint and construes the allegations in the light most

favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiffs' Amended Complaint

"[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327).  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Neitzke, 490 U.S. at 328.

Here, the amended complaint alleges that the defendants—which include a judge, the Sacramento County Superior Court, and the Sacramento City Unified School District—engaged in "having Plaintiffs Computers, Copiers, Internet Systems, Electronics, Automobiles, homes, [and] other property destroyed" as part of "a 'Well Funded' Organization" which recruits "foreigners (Africans, Filipinos, and many other Asians) to do wrong things to Plaintiffs, even criminal things)."  (Am. Compl. (ECF No. 4) at 3-4.)  In this regard, the amended complaint's allegations are delusional and frivolous.  See Denton, 504 U.S. at 33 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

////

3

1      Moreover, it is clear from the amended complaint's allegations that plaintiffs are

2  attempting to challenge a state court child custody ruling.  (Am. Compl. (ECF No. 4) at 3-6.)

3  Likewise, plaintiffs' ex parte application seeks "Sole Legal and Physical Custody of minor

4  Plaintiff/M.T."  (ECF No. 5 at 1.)  Under the Rooker-Feldman doctrine a federal district court is

5  precluded from hearing "cases brought by state-court losers complaining of injuries caused by

6  state-court judgments rendered before the district court proceedings commenced and inviting

7  district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus.

8  Corp., 544 U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state

9  court orders and judgments, but to interlocutory orders and non-final judgments issued by a state

10 court as well.  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001);

11 Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

12     The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state

13 court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties

14 do not directly contest the merits of a state court decision, as the doctrine prohibits a federal

15 district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a

16 state court judgment."  Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)

17 (internal quotation marks omitted).  "A suit brought in federal district court is a 'de facto appeal'

18 forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly

19 erroneous decision by a state court, and seeks relief from a state court judgment based on that

20 decision.'"  Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d

21 at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman

22 doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in

23 'which a party losing in state court' seeks 'what in substance would be appellate review of the

24 state judgment in a United States district court, based on the losing party's claim that the state

25 judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S.

26 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief

27 from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also

28 alleges a legal error by the state court."  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

1
2
3
4

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

5   Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a

6   district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the

7   state court had not passed directly on those claims, when the constitutional attack [is]

8   'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n.

9   16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the

10  federal court action are 'inextricably intertwined' with the state court's decision such that the

11  adjudication of the federal claims would undercut the state ruling or require the district court to

12  interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16,

13  485).

14          Disputes over child custody matters fall squarely within the Rooker-Feldman bar. See,

15  e.g., Moor v. Cnty. of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (affirming dismissal of suit

16  concerning state court divorce and child custody proceedings on Rooker-Feldman grounds);

17  Gomez v. San Diego Family Ct., 388 Fed. Appx. 685 (9th Cir. 2010) (affirming dismissal of state

18  court custody decision on Rooker-Feldman grounds); Sareen v. Sareen, 356 Fed. Appx. 977 (9th

19  Cir. 2009) (affirming dismissal of action alleging constitutional violation in state court child

20  custody action on Rooker-Feldman grounds).

21          Plaintiffs previously raised these allegations in an earlier filed action against some of the

22  same defendants as in this action. See Conerly v. Tarpin, No. 2:19-cv-2535 JAM DB PS, 2021

23  WL 2310407 (E.D. Cal. June 7, 2021). "A complaint 'that merely repeats pending or previously

24  litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70

25  F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.

26  1988)). "[A] duplicative action arising from the same series of events and alleging many of the

27  same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e).

28  See Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of

1   a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive

2   disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th

3   Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904

4   (2008).  To determine whether a claim is duplicative, courts use the test for claim preclusion.

5   Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first,

6   [courts] examine whether the causes of action and relief sought, as well as the parties or privies to

7   the action, are the same." Id. at 689 (citations omitted).  "Plaintiffs generally have no right to

8   maintain two separate actions involving the same subject matter at the same time in the same

9   court and against the same defendant." Id. at 688 (internal quotation marks and citations

10  omitted).

11       Finally, as noted above plaintiff M.T. is a minor.  (Am. Compl. (ECF No. 4) at 1.)  The

12  right to represent oneself pro se is personal to the plaintiff and does not extend to other parties.

13  Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States,

14  308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to

15  represent anyone other than himself.")  Thus, "a parent or guardian cannot bring an action on

16  behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874,

17  877 (9th Cir. 1997).   Thus, plaintiff M.T. cannot proceed in this action without retaining a

18  lawyer.

19  **III.    Further Leave to Amend**

20       For the reasons stated above, the undersigned finds that plaintiffs' amended complaint

21  should be dismissed.  The undersigned has carefully considered whether plaintiffs could further

22  amend the complaint to state a claim upon which relief could be granted.  "Valid reasons for

23  denying leave to amend include undue delay, bad faith, prejudice, and futility." California

24  Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also

25  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

26  (holding that while leave to amend shall be freely given, the court does not have to allow futile

27  amendments).  In light of the deficiencies noted above and plaintiffs' inability to successfully

28  ////

amend the complaint, the undersigned finds that it would be futile to grant plaintiffs further leave to amend.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff Carina Conerly's September 10, 2021 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiffs' September 13, 2021 amended complaint (ECF No. 4) be dismissed without further leave to amend;

3. Plaintiffs' September 29, 2021 ex parte application (ECF No. 5) be denied; and

4. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\conerly1618.ifp.den.f&rs

7